**Elliot SPRINGS and Frances Ley Springs, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 2075.**

United States District Court
W. D. South Carolina,
Rock Hill Division.

Aug. 5, 1957.

A. Z. F. Wood Lancaster, S. C., for plaintiffs.

Joseph E. Hines, U. S. Atty., Spartanburg, S. C., for defendant.

WYCHE, Chief Judge.

Plaintiffs brought this action against the United States for the refund of federal income taxes in the amount of $626.-90 for the year 1954, and in the amount of $8,092.12, for the year 1955. Plaintiffs' claims for refund of these taxes had been previously disallowed. The Government in its answer admitted all the allegations of fact in the complaint. The case is before me on motions for judgment on the pleadings made both by plaintiffs and by defendant.

The pleadings and the motions raise a single issue of law for decision. This issue is the validity of a regulation adopted by the Commissioner of Internal Revenue construing Section 34 of the Internal Revenue Code, 26 U.S.C.A. § 34, which allows individuals a credit for dividends received. The taxpayers contend that this regulation is invalid because it is inconsistent with the plain meaning of the statute and with the intention of Congress as shown in the legislative history. Taxpayers concede that if the regulation is valid, they are not entitled to recover in this action. Section 34 allows a credit against income tax for dividends received by individuals. The credit is

limited to a certain percent of "taxable income". "Taxable income" is defined by Section 63(a) 26 U.S.C.A. § 63(a) for all income tax purposes as gross income less deductions, except where the standard deduction is elected. Unless there is some compelling reason to change the general definition of "taxable income", the dividend credit is plainly limited to the specified percent of gross income less deductions, or "taxable income".

The regulation under attack, Treasury Regulation, § 1.34–2, provides that where the alternative tax on capital gains is imposed under Section 1201(b), 26 U.S.C.A. § 1201(b), "taxable income" in the dividend credit limitation means "taxable income reduced by" 50% of capital gains. However, the alternative tax provision does not redefine "taxable income" nor does it indicate that "taxable income" should be reduced by capital gains in computing the dividend credit limitation. Thus, the plain language of the statutes does not provide for the reduction of "taxable income" required by the regulation.

Furthermore, Congress intended no such special reduction of "taxable income" in computing the dividend credit limitation where the alternative tax applies. The legislative history of the 1954 Code shows that Congress intended the general definition of "taxable income" in Section 63 to be applied in this situation. The Report of the House Ways and Means Committee states that a credit may be applied against the alternative tax even where it is computed solely upon capital gains. In a parallel situation affecting corporations instead of individuals, Congress has expressly indicated that it does not intend that alternative tax section to require "taxable income" to be reduced by capital gains, when the dividend received deduction limitation based on "taxable income" is computed.

■■ Since the regulation attacked is in direct conflict with the statutes involved, and is contrary to the clearly expressed intent of Congress, it must be declared invalid. The statutes must be construed as taxpayers contend, and they are entitled to recover as alleged.

In my opinion plaintiffs are entitled to judgment in an amount to be computed by the Internal Revenue Service in accordance with this order, together with interest thereon, and

It is so ordered.