Clifford G. SCHULTZ and Mae W. Schultz, his wife, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. No. 3642–J.

United States District Court, S. D. Florida, Jacksonville Division.

Nov. 27, 1957.

Herman Ulmer, Sr., Adair, Ulmer, Murchison, Kent & Ashby, Jacksonville, Fla., for plaintiff.

James L. Guilmartin, U. S. Atty., Jacksonville, Fla., Frederick J. Rita, U. S. Dept. of Justice, Washington, D. C., for defendant.

SIMPSON, District Judge.

The plaintiffs brought this action for the refund of Federal income taxes for the years 1954 and 1955. All facts stated in the petitioners' claim have been admitted by the defendant in its answer and the case comes on to be heard on motions for judgment on the pleadings filed by both parties. The only issue involved is one of law, requiring an interpretation of certain provisions of the Internal Revenue Code of 1954 (herein referred to as the "Code").

During each of the years in question the plaintiffs received net long term

capital gains and also corporate dividends which qualified for the dividends received credit authorized by Section 34 of the Code, 26 U.S.C.A. § 34. This credit is limited to a percentage of "taxable income". In each of these years the alternative tax imposed by Section 1201(b) of the Code, 26 U.S.C.A. § 1201(b) was applicable, and plaintiffs in their returns excluded net long term capital gains from taxable income for the purpose of computing the dividends received credit. Had they computed the maximum dividend credit upon the basis of taxable income before excluding the capital gains portion thereof, the credit would have been larger and the resulting tax in each year would be less by the amounts claimed.

The sole question presented by this suit, therefore, is whether the term "taxable income" as used in Section 34, includes 50% of net long term capital gains, or whether, as claimed by the government, such capital gains for the purposes of Section 34 are not a part of "taxable income", when the alternative tax is imposed. It is not disputed that the term "taxable income" for the purposes of this section does include 50% of net long term capital gains when the taxable income is in such an amount that the alternative tax is not imposed. In other words, the question for the court to determine is whether the term "taxable income" means two different things, depending upon the size of a particular taxpayer's income.

Neither Section 34, which provides for the dividend credit and the dividend credit limitation, nor Section 1201, which provides for the alternative tax, defines the term "taxable income". Taxable income is defined in Section 63 of the Code as "gross income" minus the deductions allowed by the Income Tax Chapter of the Code. "Gross income" is defined in Section 61 as all income from whatever source derived, including "gains derived from dealings in property". Inasmuch as gross income includes net long term capital gains, such gains are automatically included in the term "taxable income", as defined in Section 63, unless removed therefrom by a deduction specifically allowed by the Income Tax Chapter of the Code. The only deduction for capital gains appears in Section 1202, which provides that for an individual taxpayer, 50% of the net long term capital gains "shall be a deduction from gross income". It follows that the remaining 50% of net long term capital gains are a part of taxable income.

Congress might well have provided, had it so intended, that when the alternative tax is applicable, all net long term capital gains constitute a deduction from gross income for the purpose of computing the dividend credit limitation. But this Congress did not do. The alternative tax provision of the Code (Section 1201(b)) does not re-define taxable income. It merely divides taxable income into two categories and taxes each at different rates.

The Commissioner's regulation (Section 1.34(a) (2) (ii)), upon which the defendant relies, attempts to give taxable income a definition in conflict with that contained in the Code, and can therefore be given no effect (Springs v. U. S., D.C., 153 F.Supp. 514).

It is the opinion of the court that the plaintiffs are entitled to judgment and it is therefore considered, ordered and adjudged that the plaintiffs, Clifford G. Schultz and Mae W. Schultz, his wife, do have and recover of and from the defendant, United States of America, the sum of $2,729.40, with interest thereon at the rate of 6% on $938.22 thereof from April 8, 1955, and on $1,791.18 thereof from April 16, 1956.